UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH SANSCRAINTE,

  Plaintiff,

v.             Hon. Sally J. Berens

COMMISSIONER OF      Case No. 1:23-cv-1073
SOCIAL SECURITY,

  Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **reverse** the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

### Standard of Review

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### Procedural Posture

Plaintiff had previously filed four applications for SSI, all of which were denied by Administrative Law Judges (ALJ), with the most recent previous denial issued on January 28, 2021. (PageID.42, 135–48.) Plaintiff filed another application for SSI on March 9, 2021, alleging that he became disabled as of the same date due to degenerative disc disease, severe depression, agoraphobia, anxiety, thyroid cancer in remission, Scheuermann's disease, herniated discs,

2

fibromyalgia syndrome, panic disorder, and sleep disorder. Plaintiff was age 31 at the time of his alleged onset date. (PageID.154.) He had completed high school and had no work history. (PageID.302–03.) Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an ALJ.

ALJ Adam Dale conducted a hearing by telephone on August 15, 2022, and received testimony from Plaintiff and Sandra Smith-Cordingly, an impartial vocational expert (VE). Plaintiff was represented by attorney Mary Genevieve Salmon. (PageID.61–74.) On September 28, 2022, the ALJ issued a written decision finding that Plaintiff was not disabled from his application date through the date of the decision. (PageID.41–55.) The Appeals Council denied Plaintiff's request for review on August 16, 2023 (PageID.20–22), making ALJ Dale's September 28, 2022 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff timely initiated this action for judicial review on October 10, 2023.

### Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since his application date of March 9, 2020, the ALJ found that Plaintiff suffered from severe impairments of Scheuermann's disease; Raynaud's disease; degenerative disc disease of the cervical and thoracic spine with thoracic radiculopathy; chronic migraines; degenerative disc disease of the lumbar spine; fibromyalgia; chronic pain syndrome; post-surgical hypothyroidism status post papillary thyroid carcinoma; bipolar disorder and major depressive disorder; generalized anxiety disorder with panic disorder; sleep disorder; unspecified schizophrenia and other psychotic disorder; and obesity. (PageID.44.)

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*) With regard to mental impairment-related listings 12.03 (schizophrenia spectrum and other psychotic disorders), 12.04 (depressive, bipolar, and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders), the ALJ considered the "paragraph B" factors, concluding that Plaintiff was moderately limited in all areas of functioning, which include understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (PageID.46–47.)

The ALJ then determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [T]he claimant cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can occasionally reach overhead with his bilateral upper extremities. He cannot work at unprotected heights or around moving mechanical parts. He cannot work in extremes of cold. He can work in "moderate" levels of noise as defined by the Selected Characteristics of Occupations. He can perform simple tasks, as well as makes simple work-related decisions. He cannot work at a production rate pace (e.g. assembly line work). He can adapt to occasionally [sic] changes in his work routine or job tasks. He can occasionally interact with supervisors and coworkers, but not the public.

(PageID.47.)

At step four, the ALJ determined that Plaintiff had no past relevant work (PageID.53), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of table worker, bench hand, and assembler, approximately 213,000 of which existed in the national economy.

(PageID.30.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (noting that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The ALJ thus concluded that Plaintiff had not been disabled from his application date through the date of the decision.

### Discussion

Plaintiff raises three errors on appeal: (1) the ALJ failed to develop the record fully and fairly when he declined to obtain clarification from the agency's consulting psychologists regarding Plaintiff's work limitations and instead discredited their opinions as vague and not in vocationally relevant terms; (2) the ALJ's evaluation of the consistency and supportability of the medical opinion of treating psychiatrist Scott Monteith, M.D., is not supported by substantial evidence where it is overly vague and inconsistent with the record; and (3) the ALJ's assessment of the paragraph B criteria relating to Plaintiff's mental impairments, known as the special technique, at step three is not supported by substantial evidence. (ECF No. 9 at PageID.1036.)

### I.      Paragraph B Factors

Under paragraph B of the mental listings that the ALJ considered, Plaintiff was required to prove one extreme limitation or two marked limitations in the following areas:

1. Understanding, remembering, or applying information;

2. Interacting with others;

3. Concentrating, persisting, or maintaining pace;

4. Adapting or managing oneself.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.03(B), 12.04(B), 12.06(B); *see also* 20 C.F.R. § 416.920a(c)(3).   A claimant is mildly limited if his ability to function in an area "independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Pt. 404, Subpt.

P, App. 1 § 12.00.F.2. A claimant is moderately limited if such ability is "fair," markedly limited if such ability is "seriously limited," and extremely limited if he has no ability to function in a given area. *Id.*

Plaintiff takes issue with the ALJ's step-three findings. In particular, he contends that the ALJ erred because the evidence the ALJ cited decidedly supports marked limitations in three of the four areas of functioning. Plaintiff further contends that in light of this evidence, the ALJ failed to properly articulate the bases for his findings of moderate limitations in these areas. (ECF No. 9 at PageID.1051–53.) More specifically, Plaintiff contends that the evidence shows that he had marked impairments in the areas of interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (*Id.*)

Regarding these areas, the ALJ found as follows:

In interacting with others, the claimant has a moderate limitation. At the hearing, the claimant testified that he had auditory hallucinations constantly (Hearing Testimony). In his "Function Report," the claimant stated that he went out a couple times a month for a doctor's appointment. Otherwise, he isolated himself due to anxiety. He got irritable very easily. He had trouble getting along with others, but he had no problems getting along with authority figures (Ex. F7E). The claimant has a history of suicidal ideation (Ex. F1F). He has complained of auditory hallucinations as well as anxiety (Ex. F1F, F20F, F24F). The record as a whole is consistent with moderate limitations in this domain.

With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. At the hearing, the claimant testified that the claimant had trouble concentrating on simple tasks. His auditory hallucinations were distracting (Hearing Testimony). In his "Function Report," the claimant stated that he had trouble completing tasks, concentrating, understanding, and following instructions. His attention level depended on his pain levels. He did not finish what he started. He had to reread written instructions. He had trouble following spoken instructions (Ex. F7E). The claimant's continued mental health treatment and complaints of depression, anxiety, and difficulty with attention and concentration are consistent with moderate limitations in this domain (Ex. F20F, F24F).

As for adapting or managing oneself, the claimant has experienced a moderate limitation. At the hearing, the claimant testified that he lived with his father and his stepmother. They helped him with laundry and shopping because of his

physical pain (Hearing Testimony). In his "Function Report," the claimant stated that pain limited his ability to engage in personal care. He was able to make microwave meals like instant noodles. He does not have a driver's license because of panic attacks (Ex. F7E). The claimant's continued mental health treatment and complaints of depression and anxiety are consistent with moderate limitations in this domain (Ex. F20F, F24F).

(PageID.46–47.)

Contrary to Plaintiff's contention, the ALJ properly articulated the bases for his step 3 findings, which are supported by substantial evidence. In attacking the ALJ's findings, Plaintiff focuses solely on the ALJ's discussion of his subjective reports concerning his limitations at the hearing and in his Function Report. Yet, the ALJ also noted that, as a whole, the record supported moderate findings. That evidence, which the ALJ discussed in the RFC portion of his decision, demonstrated that, other than a 12-day inpatient hospitalization in March 2021, Plaintiff's mental impairments were treated conservatively with medication and therapy. (PageID.51.) Treatment notes reflected many largely normal mental status examinations and showed improvement in Plaintiff's mental symptoms with medication management and therapy. (PageID.695–96, 741, 945, 948, 955, 969, 976, 1021.) For example, the ALJ noted that during Plaintiff's December 2, 2021 follow-up appointment with Scott Monteith, M.D., Plaintiff stated that he had "been managing effectively" since his November 15, 2021 appointment and was pleased with his dose of Seroquel. Dr. Monteith noted that Plaintiff's situational anxiety and dysphoria were "within appropriate, usual, and manageable limits," and he had experienced "[n]o frank major depressive episodes." Dr. Monteith further found that Plaintiff had no suicidal ideation, was pleasant and cooperative, had appropriate speech, and displayed clear and organized thoughts with no evidence of psychosis or disorder. (PageID.50, 968–69.) Similarly, the ALJ noted that, in Plaintiff's final visit with Dr. Monteith during the relevant period, Plaintiff reported that he had no new psychiatric complaints or concerns. (PageID.51, 1020.) Dr.

Monteith's mental status findings were generally consistent with his previous findings. (PageID.1021.) Apart from these treatment records, the ALJ also relied on findings of the State agency psychological consultants of moderate limitations in all of the paragraph B areas of functioning, which the ALJ found consistent with both the objective medical evidence and Plaintiff's subjective representations. (PageID.53, 160, 171.)

While it is true that the ALJ did not specifically discuss the foregoing evidence as part of his step-three analysis, the Sixth Circuit has upheld even a minimal step-three determination when the ALJ made "sufficient factual findings elsewhere in his decision to support his conclusion at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x. 359, 366 (6th Cir. 2014) (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006), and *Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412, 417 (6th Cir. 2014) (Moore, J., dissenting)); *see also Fisher v. Comm'r of Soc. Sec.*, No. 1:23-CV-508, 2024 WL 692688, at *8 (N.D. Ohio Feb. 20, 2024) (noting that "the Court 'may look to the decision as a whole in evaluating the ALJ's Step Three conclusions'" (quoting *Scott v. Kijakazi*, No. 4:22CV878, 2023 WL 4010687, at *8 (N.D. Ohio June 15, 2023))). "While it might be preferable for an ALJ to explicitly tie his discussion of a relevant listing's elements to specific medical evidence, 'the Sixth Circuit has allowed courts to scan the decision for statements that support the step three analysis, and numerous district and circuit courts have agreed' on this approach." *Smitherman v. Comm'r of Soc. Sec.*, No. 17-12607, 2018 WL 4572696, at *4 (E.D. Mich. May 7, 2018), *report and recommendation adopted*, 2018 WL 4566816 (E.D. Mich. Sept. 24, 2018) (quoting *Johnson v. Comm'r of Soc. Sec.*, No. 13-CV-14797, 2015 WL 730094, at *26 (E.D. Mich. Feb. 19, 2015)).

Because the ALJ's step-three decision is supported by his decision as a whole, this claim of error lacks merit.

## II.  Opinion Evidence

In formulating Plaintiff's RFC, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. § 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors but is not required to explain how the remaining factors were considered. 20 C.F.R. § 416.920c(b)(2) and (3).

The ALJ is to conduct this analysis with regard to all opinions but is not required to give controlling weight to an opinion from any particular source. The former rule, well-known as "the treating physician rule[, thus] no longer applies." *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *9 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

In addition, because an ALJ had adjudicated Plaintiff's claim for SSI for a prior period, the ALJ applied *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and Acquiescence Ruling 98-4(6) in determining whether to adopt the prior decision. (PageID.41–42, 52.) The ALJ declined to simply adopt the prior RFC finding because he found that the record contained new and additional evidence concerning Plaintiff's mental and physical impairments pertaining to Plaintiff's current RFC. (PageID.52.)

### A.      Prior Administrative Findings

The state agency psychological consultants, Ronald Marshall, Ph.D., and Mira Jourdan, Ph.D., reviewed the medical record and adopted the mental RFC from the prior ALJ decision. (PageID.160, 177.) The ALJ evaluated the prior administrative findings as follows:

> The State agency psychological consultants opined that the claimant had moderate limitations in each of the "paragraph B" criteria. They opined that the claimant was unable to work at a production rate pace such as on an assembly line; limited to simple, routine tasks, involving no more than short instructions and simple work-related decisions, with few workplace changes; occasional, brief superficial interaction with coworkers, occasional interaction with supervisors, and no interaction with the public (Ex. F6A, F7A). These opinions [sic] partially persuasive. The finding that the claimant has moderate limitations in the "paragraph B" criteria is consistent with the objective medical evidence and with the claimant's subjective representations (Hearing Testimony, Ex. F6F, F8F, F10F, F20F). These consultants did not have the opportunity to examine or treat the claimant, however. Their opinions that the claimant is limited to "low social demands," "few workplace changes," and "brief superficial interaction" are vague and not worded in vocationally relevant terms. Accordingly, these findings are not persuasive.

(PageID.53.)

Plaintiff contends that the ALJ erred in finding the prior administrative findings only partially persuasive because the terms "low social demands," "few workplace changes," and "brief superficial interaction," are not vague. First, Plaintiff notes that two of these limitations— "few work place changes" and "brief superficial interaction"—were incorporated into the prior

RFC. Even so, Plaintiff points to no authority requiring an ALJ adjudicating a subsequent application to adopt a prior ALJ's RFC finding verbatim. Rather, the ALJ properly conducted the *Dennard/Drummond* analysis and found wholesale adoption of the prior RFC unwarranted. Plaintiff does not assert that the ALJ erred in this aspect of his analysis.

Citing *Black v. Commissioner of Social Security*, No. 1:15-CV-438, 2016 WL 2983735 (W.D. Mich. May 24, 2016), Plaintiff asserts that courts have upheld ALJ decisions that have included similar limitations in their RFC findings. The court in *Black*, however, simply recited the ALJ's RFC limitations without passing on whether the terms "only minor . . . changes in the work setting" or "brief and superficial interaction" were vague or had vocational meanings. Vagueness was simply not raised as an issue in that case. Plaintiff cites no other case supporting his position.[2] Moreover, because an ALJ is not required to "defer or give any specific evidentiary

---

[2] The Court is aware of a substantial body of decisions from the Southern District of Ohio holding that the term "superficial" has a separate meaning from the term "occasional" in vocational parlance. *See, e.g.*, *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018), *report and recommendation adopted*, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (finding that "[t]he terms 'occasional' and 'superficial' are not interchangeable" because "occasional" refers to quantity while "superficial" refers to quality of personal interactions). These decisions largely rely on three district court decisions from the Seventh Circuit, *Hurley v. Berryhill*, No. 1:17-CV-421, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018); *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013); and *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017). More recent decisions have rejected this judicially-crafted distinction between "superficial" and "occasional," finding it at odds with the Sixth Circuit's unpublished decision in *Reeves v. Commissioner of Social Security*, 618 F. App'x 267, 275 (6th Cir. 2015). *See Melinda R. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1090, 2024 WL 193655, at *5–11 (S.D. Ohio Jan. 18, 2024), *report and recommendation adopted in part and rejected in part*, 2024 WL 1268249 (S.D. Ohio Mar. 26, 2024). The Court further notes that the Seventh Circuit has indicated that the term "superficial" has no bearing on an RFC analysis. *See Reynolds v. Kijakazi*, 25 F.4th 470, 474–75 (7th Cir. 2022) (observing that the plaintiff's reliance on dictionary definition of "superficial" rather than the Dictionary of Occupational Titles suggested that the plaintiff's proffered distinction between "occasional" and "superficial" "may not matter for purposes of the RFC analysis"). Regardless, even if Plaintiff had made the argument and persuaded the Court that the term "superficial" has an accepted vocational meaning, any error would be harmless as the three positions from the Dictionary of Occupational Titles the VE identified have a social

weight . . . to any medical opinion(s) or prior administrative finding(s)," 20 C.F.R. § 416.920c(a), "[t]he upshot . . . is that the ALJ is imbued with discretion when formulating the RFC and need not use the exact language of various medical opinions in the record when describing a claimant's abilities." *Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-cv-746, 2024 WL 2204735, at *9 (S.D. Ohio May 16, 2024).

Plaintiff next contends that having found that the three disputed terms were vague, the ALJ was obligated to re-contact Drs. Marshall and Jourdan for clarification pursuant to 20 C.F.R. § 416.920b(b)(2)(i). This argument lacks merit. First, the regulation does not require an ALJ to recontact a consultant or a medical source. Rather, recontact is simply one of various means for resolving inconsistency in, or insufficiency of, the medical record. 20 C.F.R. § 416.920b. Second, the Sixth Circuit has held that an ALJ is not required to contact a consultative examiner simply because his or her opinion is found to be vague in some respect. *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 122 (6th Cir. 2016); *see also Hamilton v. Comm'r of Soc. Sec.*, No. 1:15-CV-945, 2016 WL 4771238, at *5 (W.D. Mich. Sept. 14, 2016) (ALJ did not err by failing to request clarification from consulting psychologist as to opinion ALJ found vague because the opinion was neither inadequate nor incomplete). Here, Plaintiff fails to show, let alone argue, that the prior administrative findings were inadequate or incomplete or that the evidence was insufficient to permit the ALJ to evaluate Plaintiff's RFC.

---

interaction code of 8, meaning that they require minimal or no social interaction. *See Melina R.*, 2024 WL 193655, at *13–14 ("Many courts agree that unskilled occupations with a social interaction level of '8' can be performed even by individuals with a limitation to 'superficial' interactions." (citing, among others, *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 816 (3d Cir. 2016); *Oliver v. Kijakazi*, No. 1:20-CV-1115, 2022 WL 55017, at *12 (M.D. Pa. Jan. 5, 2022); and *Connor v. Colvin*, No. 1:13-cv-219, 2014 WL 3533466, at *4 (D. Maine July 16, 2014)); *see also Bryant v. Kijakazi*, No. 2:22-cv-2827, 2023 WL 4982261, at *4 (W.D. Tenn. Aug. 3, 2023) (holding that the ALJ's omission of a superficial interaction limitation was harmless error because all of the VE's representative occupations had social interaction codes of 8).

13

Finally, Plaintiff contends that because no regulation requires a medical opinion to take any particular form or be stated in "vocationally relevant terms," the ALJ should have considered the disputed terms in the prior administrative findings as medical opinions regardless of whether he found them vocationally relevant. As previously mentioned, however, an ALJ has wide discretion in formulating an RFC and is not required to incorporate every term from a medical opinion into an RFC analysis, particularly those that have no recognized vocational meaning. Moreover, Plaintiff fails to show that inclusion of a vocational analog for the disputed terms would have resulted in a more restrictive RFC. Accordingly, this argument lacks merit.

**B.    Opinion of Scott Monteith, M.D.**

Plaintiff's treating psychiatrist, Scott Monteith, M.D., completed a mental medical source statement, which the ALJ evaluated as follows:

> Scott Monteith, MD completed a medical source statement dated September 8, 2022. He had been providing psychiatric treatment for the claimant every two months for over a year. He stated that the claimant had been diagnosed with major depressive disorder, PTSD, unspecified schizophrenia spectrum and other psychiatric disorder, generalized anxiety disorder, and sleep disorder. He stated that the claimant continued to experience auditory hallucinations and could not focus or concentrate. The claimant could not remember work like procedures. He could not complete a normal workday or workweek without interruptions from his mental health impairments. He could not perform at a consistent pace, respond to changes, or deal with normal work stress. He could not understand, remember, or carry out simple or detailed instructions. He was seriously limited in interacting with the general public. He would miss more than four days per month. He would struggle with any full time work (Ex. F25F). This opinion is not persuasive. Although Dr. Monteith had the opportunity to treat the claimant, his opinion as to the claimant's extreme mental limitations are not consistent with his own treatment notes which show generally normal mental status findings and stability on medication (Ex. F8F, F10F, F20F). There is nothing in the other record evidence consistent with such extreme limitations.

(PageID.53.)

The ALJ did not properly apply 20 C.F.R. § 416.920c(b)(1) because he failed to articulate his consideration of *both* supportability and consistency. "[S]upportability relates to the extent to

which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); *see* 20 C.F.R. §§ 404.1520c(1)–(2), 416.920c(1)–(2); *Conklin v. Kijakazi*, No. 21-CV-8486, 2023 WL 104829, at *12–13 (S.D.N.Y. Jan. 5, 2023) (stating that "supportability" "has to do with the fit between the medical opinion offered by the source and the underlying evidence and explanations 'presented' by that source to support her opinion," and "[c]onsistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record, not just what a medical source had available to them" (internal quotation marks omitted)). The ALJ found that Dr. Monteith's opined extreme limitations were not consistent with his own treatment notes or any other evidence in the record. As support, he cited three groups of exhibits, two of which had nothing to do with Dr. Monteith's treatment of Plaintiff. The third group, F20F, contained Dr. Monteith's treatment records from November 15, 2021, and December 2, 2021. (PageID.53, 968–69, 975–76.) Earlier in his decision, the ALJ also cited Dr. Monteith's March 28, 2022 treatment record.[3] (PageID.51, 1020–21.) This analysis concerned consistency, and it was both proper and supported by substantial evidence even though Plaintiff points to other evidence that might have supported a different result. (ECF No. 9 at PageID.1049–50.)

But the ALJ did not address supportability. While "an ALJ need not use the precise words 'supportability' or 'consistency,'" *Tracy F. v. Comm'r of Soc. Sec.*, No. 2:23-cv-188, 2023

---

[3] The ALJ referred to a February 14, 2022 follow up with mental health, but the reference was incorrect as the record citation was to Dr. Monteith's December 2, 2021 phone visit with Plaintiff. (PageID.50, 968.)

WL 8614065, at 5 (S.D. Ohio Dec. 13, 2023) (quoting 20 C.F. R. § 404.1520c(b)(2)), the ALJ failed to fully address this factor. As support for his opinion, Dr. Monteith cited his October 5, 2021 psychiatric evaluation (PageID.1024), yet the ALJ failed to address this record in his discussion of Dr. Monteith's opinion or elsewhere in his decision. Under the regulation, an ALJ is required to address "the objective medical evidence and supporting explanations presented by a medical source." 20 C.F.R. § 416.920c(c)(1); *see also Brian G. v. Commissioner of Social Security*, 2:21-cv-1831, 2022 WL 1114945, at *7 (S.D. Ohio Apr. 14, 2022), *report and recommendation adopted*, 2022 WL 1443916 (S.D. Ohio May 5, 2022) ("For the ALJ to have adequately discussed the supportability of Dr. Udawatta's opinion, the ALJ was required to evaluate what Dr. Udawatta said he had based his opinion on. The ALJ could not simply describe how Dr. Udawatta's opinion compared to the record evidence as a whole, which (as Plaintiff correctly notes) only goes to the consistency of Dr. Udawatta's opinion."). Given the ALJ's failure to address the supportability of Dr. Monteith's opinion as required by the regulation, remand is required as the Court is unable to meaningfully review the ALJ's decision. *See id.*

## Conclusion

For the reasons stated above, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

An order consistent with this opinion will enter.

Dated: July 19, 2024                                              /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge